UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CASE NO.: 18-62219-CIV-COHN-SELTZER

BARBARA GLATTER,

    Plaintiff,

v.

MSC CRUISES S.A., a Foreign
Corporation,

    Defendant.
_____/

## AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, BARBARA GLATTER, by and through the undersigned attorney, hereby files this Complaint for Damages and Demand for Jury Trial, and sues Defendant, MSC CRUISES S.A. (hereinafter "MSC CRUISES"), and alleges as follows:

### GENERAL ALLEGATIONS

1. This is an action seeking damages in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest, costs, and attorneys' fees.

2. At all times material hereto, BARBARA GLATTER was and is a resident of the state of Florida.

3. At all times material hereto, MSC CRUISES was and is a foreign corporation authorized to do and doing business in Florida, with its principal place of business in Florida.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1333. Further, this matter is being filed in the United States District Court for the Southern District of Florida located in Fort Lauderdale, Florida, as required by the forum selection clause contained within the Cruise Ticket

Contract issued by Defendant. Upon information and belief, Defendant is in possession of a copy of the subject Ticket Contract.

5. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

6. At all times material hereto, Defendant owned, operated, maintained, managed, and/or controlled the cruise ship the *MSC DIVINA*.

7. On or about October 31, 2017, BARBARA GLATTER was a fare-paying passenger aboard the *MSC DIVINA*.

8. On or about October 31, 2017, BARBARA GLATTER was walking in a passenger area on an interior deck when she tripped and fell on a step that was not clearly visible and/or that was dangerously designed and/or dangerously maintained.

9. As a result of the aforementioned incident, BARBARA GLATTER sustained serious injury.

## COUNT I
## NEGLIGENCE

Plaintiff hereby adopts and incorporates paragraphs 1 through 9 as if fully set-forth herein, and alleges as follows:

10. At all times material hereto, MSC CRUISES had the duty to use reasonable care under the circumstances, and to maintain and operate its vessel, the *MSC DIVINA*, in a reasonably safe condition and manner.

11. Additionally, at all times material hereto, MSC CRUISES owed a duty to their guests, including BARBARA GLATTER, to warn them of any unreasonably dangerous conditions on the vessel of which it was aware or should have been aware through the exercise of due diligence.

12. MSC CRUISES, through its employees, agents, and/or independent contractors,

created the subject dangerous conditions. Additionally, MSC CRUISES had actual and/or constructive knowledge of the subject dangerous conditions as it knew or should have known that the subject step was unreasonably dangerous because the change in elevation was not readily visible to passengers and because the step was dangerously designed and/or dangerously maintained.

13. MSC CRUISES is vicariously liable for the negligent acts and omissions of its employees, agents, and/or independent contractors committed during the course and scope of their employment with MSC CRUISES.

14. MSC CRUISES breached the aforementioned duties of care owed to BARBARA GLATTER in the following ways:

   a. Failing to maintain the vessel, including the subject steps, in a reasonably safe condition;

   b. Failing to exercise reasonable care under the circumstances;

   c. Failing to provide a reasonably safe walking space;

   d. Failing to properly warn passengers, including BARBARA GLATTER, of the subject dangerous condition(s) that MSC CRUISES knew, or, in the exercise of reasonable care, should have known, existed;

   e. Failing to properly warn passengers, including BARBARA GLATTER, of the change in elevation;

   f. Creating the subject dangerous conditions;

   g. Failing to remedy the dangerous condition(s) of which MSC CRUISES knew or should have known;

   h. Failing to comply with applicable building, construction, design, and safety codes and regulations;

    i. Failing to take reasonable precautionary measures so that passengers were not injured while on the subject deck, including, but not limited to, providing adequate markings, warnings, and lighting so that passengers could immediately observe the change of elevation, and providing handrails that were readily viewable from all angles;

    j. Failing to design and maintain a step that was reasonably safe for passengers;

    k. Other acts of negligence to be discovered throughout discovery.

15. As a direct and proximate result of the aforementioned negligence of MSC CRUISES, Plaintiff, BARBARA GLATTER, was injured, suffered physical impairment and/or disability, mental anguish, loss of capacity for the enjoyment of life, pain and suffering, the aggravation of pre-existing conditions, inconvenience, permanent disability, loss of earnings and/or wages, loss of earning potential, and incurred the costs of reasonable and necessary medical expenses for the treatment of her injuries. These losses and injuries are permanent and continuing in nature, and Plaintiff will continue to suffer them in the future.

**WHEREFORE,** Plaintiff, BARBARA GLATTER, demands judgment for damages against Defendant, MSC CRUISES S.A., in excess of the minimal jurisdictional limits of this Court, as well as pre-judgment and post judgment interest, and costs in bringing this action, and further demands trial by jury.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 17, 2018, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that, pursuant to agreement with counsel for Defendant, the foregoing document is being served via e-mail this day on counsel for Defendant, Steve Holman, Esq., Maltzman & Partners, P.A., 55 Miracle Mile, Miami, FL 33134, steveh@maltzmanpartners.com.

                              **FLANAGAN PERSONAL INJURY & WRONGFUL DEATH LAW FIRM, P.A.**
*Counsel for Plaintiff*
2 Alhambra Plaza
Suite 620
Coral Gables, Florida 33134
Tel: (305) 638 – 4143
Fax: (305) 397 - 2636

By:    /s/ *Lauren DeFabio Flanagan*
Michael T. Flanagan, Esq.
Fla. Bar No. 0091072
Primary E-mail: mtf@Florida-Justice.com Secondary E-mail: mtfassistant@Florida-Justice.com
Lauren DeFabio Flanagan, Esq.
E-mail: ldf@Florida-Justice.com